UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARDIOVASCULAR SURGERY OF ALEXANDRIA, L.L.C., *ET AL.* Plaintiffs | CIVIL DOCKET NO. 1:18-CV-00986 |
| VERSUS | JUDGE DRELL |
| DONNA L. KERRY, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint for Declaratory Judgment (Doc. 1) filed by Plaintiffs Cardiovascular Surgery of Alexandria, L.L.C. ("CSA") and Tommie Mack Granger ("Granger") (collectively, "Plaintiffs"). Plaintiffs seek a declaratory judgment against *pro se* Defendant Donna L. Kerry[1] ("Kerry"), asserting that the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, supersedes the anti-alienation provisions of Employee Retirement Income Security Act ("ERISA") or the Internal Revenue Code ("IRC"). (Doc. 1, p. 4). Plaintiffs seek garnishment of Kerry's ERISA benefit plan based on a state restitution order. (Doc. 1, p. 2). Plaintiffs assert federal law preempts state law on matters related to ERISA and that Louisiana courts lack authority to adjudicate this matter. Id.

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court

---

[1] Plaintiffs allege Kerry is also known as "Donna Ledington." (Doc. 1, p. 1).

has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see also MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."). Absent subject-matter jurisdiction, a federal court has no power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)).

Under the "well-pleaded complaint" rule, an action arises under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 27–28 (1983). But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case. Willy v. Coastal Corp., 855 F.2d 1160, 1168 (5th Cir. 1988) (quoting Merrell Dow Pharmaceuticals Inc. v.

2

Thompson, 478 U.S. at 813)). The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiffs bear that burden.

Plaintiffs' Complaint (Doc. 1) cites federal statutes invoking declaratory relief and garnishment of an ERISA pension benefit plan through the MVRA. Thus, subject matter jurisdiction seemed apparent on the face of the Complaint. Now, having reviewed the nature of Plaintiffs' claims with benefit of the additional filings, and having recommended denial of Plaintiffs' summary judgment under the MVRA, it is not clear this Court has subject matter jurisdiction.[2]

Plaintiffs assert declaratory relief under 28 U.S.C. §§ 2201 and 2202. (Doc. 1, p. 5). However, including a request for declaratory judgment in the Complaint does not create jurisdiction where it otherwise does not exist. See e.g. Jolly v. United States, 488 F.2d 35, 36 (5th Cir. 1974) ("The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, authorizes federal courts to provide declaratory relief; but it does not of itself confer jurisdiction on the federal courts.").

The Declaratory Judgment Act provides:

> In a case or controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

---

[2] The Court has found no case in which a private employer seeks garnishment of an ERISA pension benefit plan for satisfaction of a state restitution order.

28 U.S.C. § 2201(a). The fact that Plaintiffs seek a declaratory judgment does not relieve them of the burden to show that this Court has jurisdiction. See Marriott International, Inc. v. Danna, 772 Fed.Appx. 42, 45 (5th Cir. 2019) (citing Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 104 (1998)). "That is because the Declaratory Judgment Act, which allows the federal courts to issue declaratory relief, 'is procedural only.'" Id. (citing Aetna Life Ins. Co. of Hartford, Conn. V. Haworth, 300 U.S. 227, 240 (1937)).

Plaintiffs assert § 514 of ERISA "provides that ERISA supersedes any and all state laws insofar as they relate to any employee benefit plan." (Doc. 1, p. 3). Plaintiffs assert La. R.S. 13:3881[3] is preempted by § 514(b), 29 U.S.C. 1144(b). (Doc 1, p. 4). Plaintiffs also claim this Court's jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. (Doc. 1, p. 5). Plaintiffs assert complete preemption under ERISA.

With certain exceptions, ERISA generally precludes the assignment or alienation of covered pension benefit plans. 29 U.S.C. § 1056(d)(1). However, "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not preempted. Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988) (ERISA § 514(a) preempts Georgia statute specifically exempting from garnishment any employee benefit plan subject to ERISA, but does not preempt application of Georgia general garnishment statute to garnish benefit due employee

---

[3] Under Louisiana law, all pensions, tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts are exempt from any debt, except alimony and child support. La. R.S. 13:3881(D)(1).

4

under ERISA welfare plan). Moreover, ERISA does not preempt state laws which assist in the implementation and enforcement of other federal laws and are consistent with those other federal laws. See Matter of Arcement, 136 B.R. 425, 430 (Bankr. E.D. La. 1991) (finding that ERISA does not preempt La. R.S. 20:33 – exempting from liability except alimony and child support all pensions, tax-deferred arrangements, and annuity contracts, as defined and to the same extent prescribed in R.S. 13:3881).

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Therefore, ERISA contains "expansive" preemption provisions "which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Id. (quoting Alessi v. Raybestos–Manhattan, Inc., 451 U.S. 504, 523 (1981)). Courts therefore broadly apply ERISA's preemption provisions to accomplish this purpose. See Manning v. Hayes, 212 F.3d 866, 870 (5th Cir. 2000).

There are two types of ERISA preemption: complete preemption under 29 U.S.C. § 1132(a), and conflict preemption under 29 U.S.C. § 1144(a). See Ellis v. Liberty Life Assur. Co. of Boston, 394 F.3d 262, 275 n.34 (5th Cir. 2004). The Fifth Circuit has described the distinction between complete and conflict preemption as follows:

> ERISA may occupy a particular field, which results in complete preemption under 29 U.S.C. § 1132(a). Section 502 [1132(a)], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action. Complete preemption permits removal to federal court because the cause of action arises under federal law. . . . See id.

5

> In contrast, ERISA preempts a state law action under 29 U.S.C. § 1144(a) when it conflicts with the state law. Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under Section 1132(a).

Id. (internal citations and quotations omitted).

State law claims falling within the scope of § 502(a)(1)(B) of ERISA raise a federal question for the purpose of federal court jurisdiction. Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236, 240 (5th Cir. 1990) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)). The United States Supreme Court has stated:

> The phrasing of § 502(a) is instructive. Section 502(a) specifies which persons—participants, beneficiaries, fiduciaries, or the Secretary of Labor—may bring actions for particular kinds of relief. It neither creates nor expressly denies any cause of action in favor of state governments, to enforce tax levies or for any other purpose. It does not purport to reach every question relating to plans covered by ERISA. Furthermore, § 514(b)(2)(A) of ERISA, 29 U.S.C. § 1144(b)(2)(A), makes clear that Congress did not intend to preempt entirely every state cause of action relating to such plans. With important, but express limitations, it states that 'nothing in this subchapter shall be construed to relieve any person from any law of any State which regulates insurance, banking, or securities.'

Franchise Tax Bd. of State of Cal., 463 U.S. at 25. Complete preemption under § 502 preempts a plaintiff's state law claim when the following elements are satisfied:

> First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § [502(a)]; often, this will be a claim for benefits due under a plan.

Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co., 562 F.Supp.2d 760, 767 (E.D. La.2008) (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th

Cir. 1999)). Section 1132(a) does not grant employers a cause of action for damages. See 29 U.S.C. § 1132(a).

Applying these settled principles, neither Plaintiffs' standing nor subject matter jurisdiction are apparent on the face of the Complaint. Thus, Plaintiffs' Complaint fails to establish that federal law creates a cause of action or that their right to relief depends on a substantial question of federal law.

Accordingly,

IT IS ORDERED that, not later than fourteen (14) days from this Order, Plaintiffs SHALL FILE a Jurisdictional Memorandum setting forth the basis for this Court's subject matter jurisdiction over Plaintiffs' state restitution claims, including Plaintiffs' standing to assert a garnishment action against Kerry's ERISA pension benefit plan in federal court.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of November 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE