c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARDIOVASCULAR SURGERY OF ALEXANDRIA, L.L.C., *ET AL.* Plaintiffs | CIVIL DOCKET NO. 1:18-CV-00986 |
| VERSUS | JUDGE DRELL |
| DONNA L. KERRY, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (Doc. 14) filed by Plaintiffs Cardiovascular Surgery of Alexandria, L.L.C. ("CSA") and Tommie Mack Granger ("Granger") (collectively, "Plaintiffs"). *Pro se* Defendant Donna L. Kerry[1] ("Kerry") opposes. (Doc. 17).

Plaintiffs fail to show they are entitled to judgment as a matter of law because 18 U.S.C. § 3663A is inapplicable to Plaintiffs' action. Plaintiffs' Motion for Summary Judgment (Doc. 14) should therefore be DENIED.

## I. Background

On July 31, 2018, Plaintiffs filed a Complaint for Declaratory Judgment (Doc. 1) against Kerry seeking a declaratory judgment under 28 U.S.C. §§ 2201-02. Plaintiffs assert Kerry, Plaintiffs' office manager, stole substantial funds from Plaintiffs' medical practice and that they are "victims" under the express terms of 18 U.S.C. § 3663A(a)(2). (Doc. 1, p. 2). On July 6, 2009, Kerry pleaded guilty to 17

---

[1] Plaintiffs allege Kerry is also known as "Donna Ledington." (Doc. 1, p. 1).

counts of theft greater than $500.00. (Doc. 1, pp. 2-3). Plaintiffs contend a restitution order was issued against Kerry on October 26, 2009. (Doc. 1, p. 3). Plaintiffs assert restitution was ordered in the amount of $318,383.00, with accruing judicial interest and all costs of court. Id. Plaintiffs claim Kerry has not paid any lump sum or installment as required by La. Code Crim. P. art. 895.1. Id. Plaintiffs assert Kerry has paid $1,475.00 since October 29, 2009 toward the restitution order. Id.

Plaintiffs contend Kerry intends to access funds in her retirement account. Id. Plaintiffs claim they sponsored and funded Kerry's retirement account and that Kerry contributed to it through withholdings from her paychecks. (Doc. 1, p. 2). Plaintiffs assert Kerry's retirement account is an Employee Retirement Income Security Act ("ERISA") benefit plan as defined by 29 U.S.C. § 1002(3). Id. Plaintiffs claim they contributed $70,011.95 and Kerry contributed $41,743.75 to her retirement account. Id.

Plaintiffs seek the corpus of the retirement account, or an order "restoring them as victims" of Kerry's crimes. (Doc. 1, p. 4). Plaintiffs argue the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, supersedes the anti-alienation provisions of ERISA or the Internal Revenue Code ("IRC"). Id. Plaintiffs assert federal law preempts state law on matters related to ERISA, and Louisiana courts lack authority to adjudicate this matter. Id.

Plaintiffs seek a declaratory judgment that: (1) Plaintiffs are victims under 18 U.S.C. § 3663A; (2) Kerry engaged in a scheme and pattern of criminal activity where she stole substantial funds from Plaintiffs; (3) Plaintiffs are entitled to restitution

under 18 U.S.C. § 3663A; (4) that Plaintiffs can garnish and seize Kerry's employee retirement benefit /401(k) account ("Kerry's retirement account") to obtain restitution; (5) and Kerry is prohibited from removing any funds from her employee retirement benefit /401(k) account until the Court disposes of this action. (Doc. 1, p. 5).

Kerry answered. (Doc. 11). Plaintiffs now seek summary judgment on their declaratory action. (Doc. 14). Kerry opposes. (Doc. 17).

II.   Law and Analysis

    A.   Standards governing the Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hefren v.

---

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

### B. 18 U.S.C. § 3663A is inapplicable to the relief sought by Plaintiffs.

Plaintiffs assert Kerry's retirement account balance can be garnished pursuant to 18 U.S.C. § 3663A. The MVRA makes restitution mandatory when sentencing a defendant convicted of certain federal crimes. 18 U.S.C. § 3663A(a)(1).[3] The MVRA applies in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense:

> (A) that is –
> (i) a crime of violence, as defined in [18 U.S.C. § 16];
> (ii) an offense against property under [Title 18], or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit;
> (iii) an offense described in [18 U.S.C. § 1365] (relating to tampering with consumer products); or
> (iv) an offense under [18 U.S.C. § 670] (relating to theft of medical products); and

---

[3] Federal district courts, "in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663." 18 U.S.C. § 3556. "Federal courts have no inherent authority to order restitution, only authority conferred by statute." Ewan v. United States, 11-CV-06254 FB, 2012 WL 3646741, at *3 (E.D.N.Y. Aug. 23, 2012) (citing United States v. Reifler, 446 F.3d 65, 127 (2d Cir. 2006); see also United States v. Star, CR 13-30129-RAL, 2014 WL 3809168, at *1 (D.S.D. Aug. 1, 2014) ("This Court therefore 'may order restitution only when explicitly empowered to do so by statute.' The MVRA provides that 'when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.'" (citations omitted)).

4

> (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A(c)(1). The MVRA broadly permits the United States, notwithstanding any other federal law, to enforce a restitution order "against all property or rights to property of the person fined." United States v. DeCay, 620 F.3d 534, 539 (5th Cir. 2010) (citing 18 U.S.C. § 3613(a)).

Here, it is undisputed that Kerry misappropriated funds from Plaintiffs, and she pleaded guilty to 17 counts of theft in violation of La. R.S. 14:67. (Doc. 14-3, p. 7; 14-7, p. 3; Doc. 17-3, pp. 3-5). But Kerry opposes Plaintiffs' contentions of law and recitation of facts relating to restitution. (Doc. 17). On October 26, 2009, the Ninth Judicial District ordered restitution in the amount of $318,383.03 after sentencing Kerry and without an appearance of Kerry or her attorney. (Doc. 14-7, p. 5). On February 21, 2018, the Ninth Judicial District's minutes show an agreement between Kerry and counsel for Plaintiffs for Kerry to pay restitution in the amount of $150 monthly by the 15th of each month. (Doc. 14-7, p. 6). Now Plaintiffs seek to invoke the MVRA to assert a declaratory judgment and garnishment of Kerry's ERISA benefit plan to recover restitution.

Plaintiffs argue they are "victims" under the terms of the MVRA and that Kerry was convicted of an "offense" under the terms of the MVRA. (Doc. 14-3, pp. 7-9). However, the Fifth Circuit has held that:

> The MVRA generally requires restitution to victims of offenses under Title 18 that are committed by fraud. § 3663A(c)(1)(A)(ii). Under the Act:
>
> the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be

5

> ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

United States v. Shelton, 694 Fed.Appx. 220, 223 (5th Cir. 2017) (citing 18 U.S.C. § 3663A(a)(2)). The statute includes victims of offenses under Title 18 that are committed by fraud. Id. Plaintiffs – victims of theft under La. R.S. 14:67 – are not "victims" of a Title 18 offense under the terms of the MVRA.[4]

Plaintiff further argue Kerry's convictions under La. R.S. 14:67 constitute offenses "committed by fraud or deceit" as required under the MVRA. (Doc. 14-3, pp. 8-9). Plaintiffs contend that § 3663A provides the application of restitution to "plea agreements related to charges for, any offense . . . including any offense committed by fraud or deceit." (Doc. 14-3, p. 8). However, Plaintiffs leave out the specific statutory language listing the federal offenses for which restitution is mandatory. The MVRA provides for mandatory restitution for "any offense – (A) that is – . . . (ii) an offense against property under [Title 18], . . ., including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Under the canons of statutory construction, use of the term "including" in "including any offense committed by fraud or deceit" introduces examples of those "offense[s] against property under [Title 18]." The term "offense against property" has been interpreted to apply to those offenses in which physical or tangible property, including money, has been taken or (or

---

[4] Likewise, Plaintiffs would not be entitled to invoke the provisions of MVRA for declaratory relief that they constitute "victims" under the MVRA. The Ninth Judicial District Court, Rapides Parish, Louisiana issued a restitution order on behalf of Plaintiffs as "victims" for the state convictions against Kerry. (Doc. 14-7, pp. 5-6).

attempted to be taken) by theft, deceit, or fraud." United States v. Cummings, 189 F.Supp.2d 67, 73 (S.D.N.Y. 2002). This includes wire fraud, bankruptcy fraud, and offenses involving stolen property. See United States v. Myers, 198 F.3d 160, 168-69 (5th Cir. 1999).

Plaintiffs' attempt to expand the term "any offense" ignores the text of the statute – a listing of those federal criminal offenses in which restitution is mandatory under § 3663A. In an effort to expand "any offense" under the MVRA to state criminal convictions, Plaintiffs argue that the United States Sentencing Guidelines ("U.S.S.G.") defines "felony offense" as including "any federal, state or local offense . . . ." (Doc. 14-3, p. 8) (citing U.S.S.G. § 4A1.2(c) and (o)). However, the language cited by Plaintiffs defines "felony offense" for the purposes of § 4A1.2 of the U.S.S.G. governing the computation of criminal history points for the purposes of federal sentencing guidelines.

Plaintiffs' assertions are inapposite to the MVRA. Nothing in the record reflects that Kerry was convicted of any federal offenses invoking mandatory restitution under 18 U.S.C. § 3663A or that restitution was ordered pursuant to sentencing for those certain offenses under 18 U.S.C. § 3663A. The cases cited by Plaintiffs holding that the MVRA supersedes the anti-alienation provisions of ERISA and allowing garnishment are inapplicable to this action. Plaintiffs conflate federal and state law. Plaintiffs' reliance on the MVRA and related jurisprudence is misplaced. The cases relied upon by Plaintiffs involve federal defendants in federal court on federal charges and subject to federal rules and statutes concerning

7

restitution.[5] Here, Kerry was a state defendant convicted in in state court on state criminal charges – La. R.S. 14:67 – and subject to state restitution laws. The MVRA does not provide a basis for Plaintiffs to enforce a state restitution order.

A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)); see Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 263 (5th Cir. 2002). Unless the moving party meets its initial burden, the Court may not grant a motion for summary judgment, even if the motion is unopposed. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995). Here, Plaintiffs have failed to demonstrate a proper basis for summary judgment. Because Plaintiffs fail to meet their initial burden under Rule 56, Plaintiffs' Motion for Summary Judgment (Doc. 14) should be DENIED.

## III. Conclusion

Because Plaintiffs fail to demonstrate they are entitled to summary judgment as a matter of law;

---

[5] The cases cited by Plaintiffs pertain to garnishment proceedings related to federal criminal convictions in which the defendant was ordered to pay restitution under the MVRA as part of sentencing. See United States v. Tilley, CR 07-290, 2017 WL 3007799, at *1 (W.D. Pa. July 14, 2017); United States v. King, CR 08-66-01, 2012 WL 1080297, at *1 (E.D. Pa. April 2, 2012); United States v. Berry, CR H-17-385, 2018 WL 6602184, at *2 (S.D. Tex. Dec. 17, 2018), supplemented, H-17-385, 2019 WL 545334 (S.D. Tex. Jan. 17, 2019), and reconsideration denied, CR H-17-385, 2019 WL 251477 (S.D. Tex. Jan. 17, 2019).

IT IS RECOMMENDED that Plaintiffs' Motion for Summary Judgment (Doc. 14) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __5th__ day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE